UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Drink Taunik, LLC, <br><br> Plaintiff, <br><br> against <br><br> Giant Bicycle, Inc., <br><br> Defendant. | Case No. 2:24-cv-1012 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Drink Taunik, LLC ("Plaintiff" or "Drink Taunik"), by and through its attorneys, Gerben Perrott, PLLC, for its Complaint against defendant Giant Bicycle, Inc. ("Defendant" or "Giant"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Plaintiff's use of the mark "Taunik" in connection with its CBD and THC Elixirs crafted and sold in Vermont does not infringe Defendant's alleged "Taunik" trademark used in connection with customizable, water bottles sold empty and in bulk.

2. This action arises out of Giant's demands set out in its February 28, 2024 and June 25, 2024 letters to Drink Taunik demanding that Drink Taunik immediately cease and desist from using the "Taunik" mark and transfer ownership of its domain name drinktaunik.com to Giant.

## JURISDICTION

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Personal jurisdiction over Giant is proper in this District because it has sought an enforcement of its rights under its alleged "Taunik" mark in Vermont against a company residing in Vermont. Giant has purposely directed these activities towards Drink Taunik, LLC in this forum. Also, upon information and belief, Giant offers its products to consumers in Vermont.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Giant is subject to personal jurisdiction in this judicial district and has directed its enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

7. Drink Taunik is a limited liability company formed under the laws of Vermont and does business in Colchester, Vermont. The company is comprised of a group of Vermonters with deep roots in the brewing industry who artfully craft CBD and THC infused Elixirs.

8. Giant is a corporation that is incorporated in Virginia and, upon information and belief, has its principal place of business in California. Giant produces customizable water bottles that are sold empty and in bulk through its website and Giant distributors.

## FACTS
### Plaintiff's Business and Use of the "Taunik" Mark

9. Drink Taunik crafts and sells beverages that it refers to as Elixirs. These Elixirs are a niche product sold in several varieties that feature creative herbal formulas or tea brews infused with CBD or THC. Specifically, these highly regulated beverages are sold lawfully in Vermont to adults through approved Vermont dispensaries.

10. On or around the end of 2021, Drink Taunik commenced use of its "Taunik" mark in connection with CBD and THC infused Elixirs and brewing services and as a DBA for Drink Taunik, LLC. The first of its infused teas was launched in July 2022.

11. The "Taunik" mark is used in connection with the manufacture, provision, advertising, and promotion of its goods and services. There is no likelihood that consumers of Giant's customizable water bottles which are sold empty and in bulk will believe that Drink Taunik is affiliated with Giant or that its Elixirs are produced by Giant. The screen captures below depict the highly distinguishable commercial impressions encountered by consumers.



3

12. Furthermore, regulation of the products offered by Drink Taunik is stringent and limited to distribution in Vermont, whereas Giant sells its products in bulk to consumers who wish to sell or otherwise provide customized water bottles to third parties. Drink Taunik has never promoted or sold reusable water bottles of any type and does not intend to do so in the future. Attached as Exhibit 1 are screen captures of Drink Taunik's website showing it use of the "Taunik" mark in connection with canned CBD and THC infused beverages.

13. Drink Taunik LLC, DBA "Taunik" is required to complete a very in-depth license application with the state every year to maintain a cannabis license in Vermont. It is also required to register each product through the state, get approval before manufacturing, and test the products frequently and post the results. The type of business services offered under the "Taunik" mark to manufacture cannabis beverages is highly distinctive from the type of business services that Giant engages in for the manufacturing of its customizable bulk sale water bottles.

## Defendant's Use of the "Taunik" Mark

14. Giant alleges that it commenced use of Giant's Mark in connection with empty, customizable water bottles on or around September 2020. Attached as Exhibit 2 are screen captures of Giant's water bottles as advertised on its website and social media.

15. Despite Giant's claim that it owns prior trademark rights in the "Taunik" mark, Defendant owns no trademark rights that extend to beverages let alone regulated CBD and THC infused Elixirs. Attached as Exhibit 3 is a copy of Giant's U.S. Trademark Registration classifying its goods as "bottles, sold empty".

## Existence of an Actual Controversy

16. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

17. In February and June of 2024, Drink Taunik received letters from Giant ("Defendant's Letters") objecting to Drink Taunik's use of its "Taunik" mark claiming that the use constitutes trademark infringement. In its letters, Giant demanded that Drink Taunik immediately cease all use of the "Taunik" mark and transfer ownership of its domain name drinktaunik.com to Giant. On August 15, 2024, Counsel for Giant contacted Drink Taunik by email seeking confirmation that Drink Taunik would comply with its demands.

18. A transfer of Drink Taunik's domain name and removal of its "Taunik" mark from its goods and services would completely disrupt Drink Taunik's ability to do business and cause significant monetary damage that this action seeks to avoid. Additional financial hurdles would be caused by requirements to reapply for various certificates and licenses associated with its tradename and "Taunik" trademark. Attached as Exhibit 4 is a true and correct copy of Defendant's letters.

19. Giant's accusations of infringement set out in Giant's Letters are without basis because consumers are not likely to be confused by Drink Taunik's use of the "Taunik" mark. The goods and services offered by Drink Taunik are not related to the goods and services offered by Giant and are sold in different channels of trade. Giant's goods are sold to consumers seeking customizable bottles for resale or promotional uses. These consumers utilize their own brands and artwork in a prominent manner, rendering any use of Giant's "Taunik" mark (if any) secondary on the bottles. In contrast, Drink Taunik's canned beverages featuring a prominent

and recognizable "Taunik" mark are distributed to adults seeking cannabis products through authorized Vermont cannabis dispensaries.

20. Based on the foregoing, a justiciable controversy exists between Drink Taunik and Giant as to whether Drink Taunik's conduct constitutes trademark infringement or unfair competition under the Lanham Act.

21. In view of Defendant's threats and allegations, Plaintiff needs and is entitled to a judicial declaration that Plaintiff's conduct does not infringe Defendant's alleged trademark rights in Defendant's "Taunik" mark or constitute unfair competition. Absent a declaration to this effect, Defendant will continue to wrongfully allege that Plaintiff's goods and services advertised or sold under Plaintiff's "Taunik" mark infringe Giant's alleged trademark rights, thereby causing Plaintiff irreparable injury and damage.

## COUNT ONE
## Declaratory Judgment of No Trademark Infringement

22. Plaintiff repeats and realleges all of the preceding allegations, as if fully set forth herein.

23. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's alleged trademark rights in Giant's Mark.

24. A judicial declaration is necessary and appropriate so that Drink Taunik may ascertain its right to continue using the "Taunik" mark in the manner set out in this Complaint.

25. Drink Taunik is entitled to a declaratory judgment that its use of the "Taunik" mark in connection with its CBD and THC infused beverages is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Giant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

**WHEREFORE**, Drink Taunik requests judgment against Giant as follows:

1. Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

2. Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use of Plaintiff's "Taunik" mark infringes any rights of Defendant in Defendant's Mark.

3. Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

4. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

5. Awarding such other and further relief as this Court deems just and proper.

Dated: September 17, 2024 	Respectfully submitted,

/s/ Kathryn G. Kent

Kathryn G. Kent

Gerben Perrott, PLLC

*Attorneys for Plantiff*

1050 Connecticut Ave NW

Suite 500

Washington, DC 10026

802-498-7167

kkent@gerbenlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this September 17, 2024, I electronically served the foregoing on the below counsel for Defendant.

McGuireWoods LLP
Claire Eller
celler@mcguirewoods.com
Mary Baril
mbaril@mcguirewoods.com
Anay Amin
AAmin@mcguirewoods.com

/s/ Kathryn G. Kent
Kathryn G. Kent
